**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF KENTUCKY**
**NORTHERN DIVISION**
**AT ASHLAND**

CIVIL ACTION NO. 24-66-CJS

TINA ANN WELLS                                                              PLAINTIFF

v.                          **MEMORANDUM OPINION AND ORDER**

FRANK BISIGNANO, Commissioner[1]
Social Security Administration                                           DEFENDANT

**\* \* \*   \* \* \*   \* \* \*   \* \* \***

Plaintiff Tina Ann Wells brings this action under 42 U.S.C. § 405(g), challenging Defendant Commissioner's final decision denying her application for Supplemental Security Income benefits under Title XVI of the Social Security Act. (*See* R. 1). The parties have consented to the undersigned's authority to adjudicate this action pursuant to 28 U.S.C. § 636(c) and Rule 73 of the Federal Rules of Civil Procedure. (*See* R. 9).

The case is before the Court on the pending Motion to Remand for Further Proceedings (R. 19) filed by Defendant Commissioner of Social Security. Plaintiff filed her Response to Defendant's Motion to Remand for Further Proceedings, arguing that no further development in her case is necessary, and the proper remedy is a remand for immediate calculation of benefits. (R. 24). Defendant filed a Reply (R. 25), and the matter has been submitted for consideration and decision. For the reasons set forth herein, Defendant's Motion to Remand for Further Proceedings (R. 19) will be granted.

---

[1] Frank Bisignano became the Commissioner of Social Security on May 7, 2025. Pursuant to Federal Rule of Civil Procedure 25(d), Frank Bisignano is substituted for Martin O'Malley as Defendant in this case.

## I.    STANDARD OF REVIEW AND THE ADMINISTRATIVE PROCESS

In reviewing the decision of an administrative law judge ("ALJ") in social security cases, the only issues before the reviewing court are whether the ALJ applied correct legal standards and whether the decision is supported by substantial evidence.  42 U.S.C. § 405(g).  Substantial evidence means "more than a mere scintilla" but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)).  A reviewing court may "not try the case *de novo*, resolve conflicts in evidence, or decide questions of credibility." *Ulman v. Comm'r of Soc. Sec.*, 693 F.3d 709, 713 (6th Cir. 2012) (quoting *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007)).  Rather, the Court must affirm the Commissioner's decision if it is supported by substantial evidence, "[e]ven if the evidence could also support another conclusion." *See Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389-90 (6th Cir. 1999).  In determining whether the Commissioner's conclusion is supported by substantial evidence, courts "must examine the administrative record as a whole." *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994) (citing *Kirk v. Sec'y of Health & Human Sers.*, 667 F.2d 524, 536 (6th Cir. 1981)).

To qualify for benefits, a claimant must establish that she is disabled within the meaning of the Social Security Act ("Act").  42 U.S.C. §§ 423(a)(1)(E), *et seq.*  The Act defines "disability" as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A).  The Act requires the Commissioner to follow a five-step analysis when evaluating a claim of disability. *Vance v. Comm'r of Soc. Sec.*, 260 F. App'x 801, 803 (6th Cir. 2008) (citing

2

*Abbott v. Sullivan,* 905 F.2d 918, 923 (6th Cir. 1990)); *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001).

First, a claimant "must demonstrate that she is not currently engaged in 'substantial gainful activity.'" *Vance*, 260 F. App'x at 803 (citing *Abbott,* 905 F.2d at 923). Second, if the claimant is not engaged in substantial gainful activity, she must demonstrate "that she suffers from a 'severe impairment.'" *Id.* "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'" *Id.* at 804 (citing *Abbott,* 905 F.2d at 923). Third, if the claimant "is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets [or equals] a listed impairment" located at 20 C.F.R. part 404, subpart P, appendix 1, then the claimant "is presumed disabled regardless of age, education, or work experience." *Id.* (citing 20 C.F.R. §§ 404.1520(d) & 416.920(d)). Fourth, if the impairment does not meet or equal a listed impairment, then the claimant must show her impairment prevents her from doing her past relevant work. *See id.* Lastly, even if the claimant cannot perform her past relevant work, she is not disabled if she can perform other work that "exists in the national economy." *Id.* (citing *Abbott*, 905 F.2d at 923). Throughout this process, the claimant carries the overall burden of establishing that she is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy. *Id.* (quoting *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

## II.    DISCUSSION

Plaintiff's Opening Brief presents four issues for review. (R. 15 at Page ID 1239). First, Plaintiff asserts the ALJ erred in failing to comply with the order of the Appeals Council after the first voluntary remand of this case. (*Id.* at Page ID 1248). Second, Plaintiff asserts the ALJ's residual functional capacity ("RFC") determination failed to account for the mental limitations

3

adopted at step two. (*Id.* at Page ID 1249-52). Third, Plaintiff argues the ALJ's RFC was not supported by substantial evidence because she failed to articulate the supportability and consistency of the findings of the consultative psychologist Megan L. Green, Psy.D. (*Id.* at Page ID 1253-56). Fourth, Plaintiff argues the ALJ's RFC was not supported by substantial evidence because she failed to articulate the supportability and consistency of consultative physical examiner Gabrille Hensley, FNP-C. (*Id.* at Page ID 1256- 58). Based on these perceived errors, Plaintiff requests the Court remand to the agency with instructions for an outright calculation of benefits. (*Id.* at Page ID 1258-59).

The Commissioner, in the Motion to Remand (R. 19), submits that a remand for further proceedings is warranted to complete the administrative record, offer Plaintiff another hearing, and issue a new decision. (R. 19 at Page ID 1268). Notably, the Commissioner does not describe what portions of the administrative record are incomplete. (*See id.*). Plaintiff disagrees and posits that the case requires no further development and that the correct remedy is an outright award of benefits. (R. 24 at Page ID 1282). Plaintiff submits that a second remand for further proceedings in this case is unnecessary as the record is complete. (*Id.*). Particularly, in her Response in Opposition to the Commissioner's Motion to Remand, Plaintiff reiterates the same four errors set forth in her Opening Brief. (R. 24 at Page ID 1282-1285; *see also* R. 15).

Section 405(g) of the Social Security Act authorizes district courts to remand cases in only two specific situations. *See Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 174 (6th Cir. 1994). So called, "sentence four" remand is permissible "after reviewing the Commissioner's decision and entering a judgment, if it determines that a rehearing before the Commissioner is warranted in light of the court's ruling." *Hollon ex rel. Hollon v. Comm'r of Soc. Sec.*, 447 F.3d 477, 484 (6th Cir. 2006). On the other hand, "sentence six" remand permits a district court to

4

remand a case back to the Commissioner to "consider 'new and material evidence that for good cause was not previously presented' to the Commissioner." *Id.* (quoting *Faucher*, 17 F.3d at 174). Here, the parties agree that "sentence four" controls. (*See* R. 19; R. 24). The Commissioner effectively concedes that the ALJ's decision was not made pursuant to proper legal standards (*see* R. 19), meaning the only question currently before the Court is whether to remand for an immediate award of benefits or for further proceedings.

A court may "reverse the [ALJ's] decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher*, 17 F.3d at 176. Further, "[b]enefits may be awarded immediately if all necessary factual issues have been resolved, 'the proof of disability is strong, and opposing evidence is lacking in substance, so that remand would merely involve the presentation of cumulative evidence, or where the proof of disability is overwhelming.'" *Gentry v. Comm'r of Soc. Sec.*, 741 F.3d 708, 730 (6th Cir. 2014) (quoting *Kalmbach v. Comm'r of Soc. Sec.*, 409 F. App'x 852, 865 (6th Cir. 2011)).

The Commissioner and Plaintiff disagree regarding the applicability of *DeCorrevont v. Comm'r of Soc. Sec.*, No. 1:19-cv-137, 2020 WL 57538, at *1 (S.D. Ohio Jan. 6, 2020), *report and recommendation adopted*, No. 1:19-cv-137, 2020 WL 554185 (S.D. Ohio Feb. 4, 2020). In that case, the court denied the Commissioner's motion for a voluntary remand but still ordered a remand for further proceedings instead of remanding for an award of benefits. *Id.* at *1. The court proceeded to the merits of the case and determined that the plaintiff's alleged errors necessitated remand to investigate the impact of the plaintiff's ability to perform gross and fine manipulation bilaterally and determine the number of jobs in the national economy available to an individual with plaintiff's mental and physical limitations. *Id.* at *15. Notably, the court did not allow for

5

an award of benefits based on the delay or long history of a social security claim. *Id.* at *3. Instead, the parties were allowed to proceed with briefing on the merits. *See id.*[2]

Further, this Court has previously remanded for further proceedings even when a plaintiff had already received three prior administrative hearings because not all essential factual issues were resolved. *Morgan v. Astrue*, No. 2:09-CV-56-DLB, 2010 WL 569851, at *1 (E.D. Ky. Feb. 16, 2010). Such is the case here, despite the previous voluntary remand in this case, this Court may appropriately remand for further proceedings since the record is still incomplete and contains mixed evidence of disability.[3] Discussion of the merits of Plaintiff's arguments is unnecessary given that the Commissioner has not filed his brief in this case. Moreover, Plaintiff's contentions, even if true, would require a remand for further proceedings, not calculation of benefits.

---

[2] Plaintiff also cites to *Diel v. Saul*, No. 5:20-CV-51-LLK, 2021 WL 951023, at *1 (W.D. Ky. Mar. 12, 2021). The *Diel* court reversed the final decision of the Commissioner and remanded the case for calculation of benefits. *Id.* at *4. The court found that the evidence of non-disability was not lacking when the Court corrected the ALJ's error in not assigning the plaintiff's treating physician's opinion controlling weight according to the treating physician rule. *Id.* at *2; *see also* 20 C.F.R. § 404.1527(c)(2). The treating physician rule removed an ALJ's discretion and required that a treating source's medical opinion be given controlling weight if supported by acceptable medical evidence. *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 376 (6th Cir. 2013). However, the treating physician rule was abrogated by the amendments to the statutes, and now only applies to claims filed before March 27, 2017. *Compare* 20 C.F.R. § 404.1527 *with* 20 C.F.R. § 404.1520c.

In *Diel*, the lack of discretion of the ALJ with regard to the treating physician's opinion was dispositive as, when considered properly, it directed a finding of disability. *Diel*, 2021 WL 951023, at *2-3. Such is not the case here as Plaintiff's claim was filed after March 27, 2017, and the proper remedy for the ALJ failing to articulate or cherry-picking the evidence is a remand for further proceedings. *See Hughes v. O'Malley*, No. 6:24-CV-46-HAI, 2024 WL 4729868, at *7 (E.D. Ky. Nov. 8, 2024).

[3] Plaintiff also cites to *R.M.K. v. Comm'r of Soc. Sec.*, No. 20-CV-3246-RMR, 2022 WL 2448283, at *1-2 (D. Colo. July 6, 2022) as support that another remand for further proceedings is unnecessary in this case. However, that case is unpersuasive because that plaintiff's claim had been pending for over twelve years, and this Court has rejected such arguments when plaintiffs had as many as three prior administrative hearings. *See Morgan*, 2010 WL 569851, at *1. The circumstances before the Court do not warrant a remand for calculation of benefits because this case has only been remanded once and originated six years ago. *See id.*; *see also Scott v. Comm'r of Soc. Sec.*, No. 1:16-cv-697, 2017 WL 1052595, at *7 (S.D. Ohio Mar. 20, 2017) ("Though plaintiff's application has been pending for almost six years, that reason alone does not justify a remand for an immediate award of benefits").

In a prior decision from within this District, it was held that the court lacked jurisdiction to consider whether an ALJ complied with the Appeals Council's instructions on remand because that issue is an internal agency matter and judicial review is limited to the "final decision of the Commissioner." *Caldwell v. Colvin*, No. 6:13-CV-131-DLB, 2014 WL 3747548, at *3-4 (E.D. Ky. July 29, 2014) (noting that the Sixth Circuit has not yet ruled on whether federal courts have jurisdiction to review an ALJ's failure to follow the Appeals Council's directives on judicial review). As such, Plaintiff's claim that the ALJ's alleged failure to heed the Appeals Council's instructions on remand is not a basis for an outright award of benefits. *See also Partin v. Berryhill*, No. 5:18-CV-415-KKC, 2019 WL 3503979, at *8 (E.D. Ky. July 31, 2019) (finding that federal courts may only review final decisions of the Commissioner and that the Appeals Council by failing to remand the matter to the ALJ considers the decision in compliance with its order of remand). Thus, Plaintiff's claim that the ALJ erred by failing to comply with the Appeals Council's directives on remand cannot serve as a basis for the immediate award of benefits.

Plaintiff's other arguments necessitate a remand for further proceedings; however, awarding benefits for procedural missteps of the ALJ would be improper. Plaintiff contends that the ALJ violated 20 C.F.R. § 416.920a and SSR 96-8p by failing to properly account for the mental limitations adopted at step two in the sequential process. In such a circumstance, this Court has found that a remand for further proceedings is the proper remedy. *Richardson v. Saul*, 511 F. Supp. 3d 791, 803-804 (E.D. Ky. 2021) (holding a remand for reconsideration, not an immediate award of benefits, was the appropriate remedy when there were procedural missteps by the ALJ, including a failure to account for mental limitations in the RFC). Additionally, Plaintiff's contention that the ALJ failed to articulate the factors of the supportability and consistency of Dr. Green and Ms. Hensley as required by 20 C.F.R. § 416.920c(b)(2), even if true, would necessitate

7

a remand for further proceedings, not an outright award of benefits. *See Hughes v. O'Malley*, No. 6:24-CV-46-HAI, 2024 WL 4729868, at *7 (E.D. Ky. Nov. 8, 2024) (finding that a remand for further proceedings—not an award of benefits—was proper when the ALJ misstated the record and failed the articulation requirement).

Plaintiff offers a new argument in her Response, not previously included in her Opening Brief. Namely, she states that the ALJ's rejection of Ms. Hensley's reaching restrictions improperly caused the ALJ to classify Plaintiff as able to perform light work. (R. 24 at Page ID 1284). If the ALJ, Plaintiff argues, had not improperly rejected Ms. Hensley's reaching restriction, Plaintiff would have been limited to sedentary exertion and considered disabled under Rule 201.09 of the Medical Vocational Guidelines, 20 C.F.R. Part 404, Subpart P, Appendix 2. (*Id.*).

In Ms. Hensley's consultative examination report, issued following her September 19, 2022, examination of Plaintiff, she noted the following:

> Based on the objective evidence, the claimant may have [difficulty] with any task that require[s] much movement of the neck due to limited [range of motion] of the left shoulder. She may have difficulty with long distance walking due to shortness of breath. She can hear and understand normal speech. She communicated and was able to socialize appropriately. Aside from the noted restrictions, the claimant appears functionally intact.

(Administrative Record ("A.R.") at 982). The ALJ, in declining to adopt Ms. Hensley's reaching restriction, remarked the following:

> The undersigned finds Ms. Hensley's opinion not persuasive because it is not supported by her own findings. Ms. Hensley's exam revealed mildly impaired strength of the upper extremities and ability to perform gross movements. As well, her opinion is not consistent with Dr. Nutter's exam findings of negative Tinel's and normal cervical spine or with treating source findings. The treating exams revealed normal exams of the cervical spine, upper extremities, and shoulders.

(*Id.* at 700 (internal record cites omitted)).

8

Pursuant to 20 C.F.R. § 404.1520c(b)(1), an "ALJ must articulate the persuasiveness of the opinion in terms of supportability and consistency." *Clark v. Comm'r of Soc. Sec.*, No. 1:23-CV-1024, 2024 WL 3721202, at *4 (W.D. Mich. Apr. 12, 2024), *report and recommendation adopted*, 2024 WL 3311110 (W.D. Mich. July 5, 2024), *aff'd*, No. 24-1718, 2025 WL 1627408 (6th Cir. June 9, 2025). Here, the ALJ did just that. As to supportability, the ALJ found Ms. Hensley's opinions unpersuasive because her exam revealed only mildly impaired strength of the upper extremities and the ability to perform gross movements, which did not support her opined reaching restriction. (A.R. at 700, 978-82). The ALJ also noted the lack of consistency between Ms. Hensley's reaching restriction and Dr. Nutter's examination findings, and the prior treating exams, which all revealed normal findings as to Plaintiff's cervical spine, upper extremities, and shoulders. (*Id.* at 700). Upon review of the record, Plaintiff's treating sources consistently reported normal range of motion in the upper extremities through March of 2023, which contradicted Ms. Hensley's findings in September 2022. (*Id.* at 561, 566, 980, 982, 1072).

Remanding for further proceedings is appropriate when reconsideration of a medical opinion is necessary or when medical opinions contradict one another. *Saylor v. Saul*, No. 6:19-CV-292-DLB, 2021 WL 1062544, at *8 n.3 (E.D. Ky. Mar. 18, 2021) (holding that due to "differing medical opinions in the record" there was not overwhelming proof of disability). As factfinder, the ALJ is tasked with evaluating opinion evidence. *See McClain v. Comm'r of Soc. Sec.*, 114 F. App'x 724, 727 (6th Cir. 2004) ("The deferential standard of review applicable to these cases generally counsels in favor of hearing from the ALJ first").

Nonetheless, Plaintiff argues that if the ALJ adopted Ms. Hensley's reaching restriction, her RFC would have necessarily been reduced from "light work" to "sedentary work," which would have further directed a finding of "disabled" at step five according to Rule 201.09 of the

9

Medical Vocational Guidelines, 20 C.F.R. Pt. 404, Subpt. P, App. 2. Notwithstanding this, the record evidence does not indicate that the ALJ improperly rejected Ms. Hensley's reaching restriction.[4] Instead, the ALJ was faced with differing opinions regarding the range of motion of Plaintiff's neck and left shoulder. As such, the Medical Vocational Guidelines are not implicated here. *See Saylor*, 2021 WL 1062544, at *8 n.3. In short, the evidence is mixed as to whether the Plaintiff is entitled to a reaching restriction.

The errors Plaintiff alleges, even if true, would not require this Court to remand for an award of benefits. Here, the medical evidence is mixed, and the evidence in opposition to Plaintiff's reaching restriction is not "lacking in substance." *Faucher*, 17 F.3d at 176. Thus, a remand for further administrative proceedings is warranted.

## III.    CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

---

[4] Plaintiff cites to *Bertha E. v. Comm'r of Soc. Sec.*, No. 2:24-CV-167-AR, 2024 WL 5232838, at *7 (D. Or. Dec. 27, 2024) as support for why this Court should remand for a calculation of benefits. However, the District of Oregon found that an immediate calculation of benefits was appropriate primarily because of the "credit-as-true" doctrine in the Ninth Circuit which has not been adopted in this circuit. *Id.* at *7-8; *see Albright v. Soc. Sec. Comm'r*, Civil Action No. 16-14100, 2018 WL 5094084, at *12 (E.D. Mich. Feb. 7, 2018), *report and recommendation adopted,* 2018 WL 4560921 (E.D. Mich. Sept. 24, 2018) (noting the "credit-as-true" rule is inapplicable in the Sixth Circuit).

Plaintiff's reliance on *Francis v. Kijakazi*, No. 8:22CV169, 2023 WL 2743588, at *1-4 (D. Neb. Mar. 31, 2023) is also unpersuasive. In that case, the ALJ "categorical[ly] fail[ed]" to consider the plaintiff's expected absenteeism that three experts had opined upon. *Id.* at *1. As a result, the vocational testimony failed to account for all of the plaintiff's limitations. *Id.* The *Francis* court remanded for benefits because the objective medical record supported the absentee limitations. *Id.* at *2. Here, however, the objective medical evidence is mixed. Only Ms. Hensley opined as to the reaching limitation, and her findings of a limited range of motion of Plaintiff's shoulder and neck were not corroborated by any other examinations.

The remainder of Plaintiff's cases, namely *Smith v. Colvin*, 554 F. App'x 568, 569 (9th Cir. 2014), and *Wilson v. Comm'r of Soc. Sec.*, 783 F. App'x 489, 505-06 (6th Cir. 2019) are inapplicable to Plaintiff's situation. The Court need not examine the potential implications on step 5, since the ALJ did not improperly reject Ms. Hensley's opinion evidence. *See Vance*, 260 F. App'x at 803.

1)      The Commissioner's Motion to Remand for Further Proceedings (R. 19) is hereby **granted;**

2)      The Commissioner's decision denying the Plaintiff's disability claim is hereby **reversed;**

3)      Pursuant to sentence four of 42 U.S.C. § 405(g), this matter is hereby **remanded** for further proceedings;

4)      Any pending motions or other requests for relief in this matter are hereby **denied as moot;** and

5)      a Judgment will be entered contemporaneously herewith.

Dated this 30th day of March, 2026.

Signed By:

*Candace J. Smith*

United States Magistrate Judge

G:\Judge-CJS\DATA\Orders\civil ashland\2024\24-66-CJS Order grantg MTRemand.docx